MERRITT, Circuit Judge,
concurring.
I concur in the per curiam opinion of my colleagues but would add that the case of Michigan v. Bryant, 562 U.S. 344, 131 S.Ct. 1143, 1155-57, 179 L.Ed.2d 93 (2011), has reintroduced into Sixth Amendment “confrontation” jurisprudence the question of “reliability” that hearsay analysis considered before Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), abandoned it in favor of a standard based upon an unclear principle asking whether the hearsay in question was “testimonial” in nature. See Julia *268 Chapman, Nursing the Truth: Developing a Framework for Admission of SANE (Sexual Assault Nurse Examiner) Testimony under the Medical Treatment Hearsay Exception and the Confrontation Clause, 50 Am. Crim. L. Rev. 277 (2013), involving a discussion of this very Dorsey case now before us on habeas review. The unavailable victim’s hearsay statements introduced through the nurse were part of an emergency situation. There is no reason to believe that the victim did not correctly relate the events that occurred or that either the victim or the nurse falsely recounted the events. A 7-person majority in the Bryant case has now clearly rejected the dissent in the Bryant case. The dissent argued that the independent assessment of “reliability” by the Court had been foreclosed in Cranford by making the only relevant question one of whether the hearsay was “testimonial.”